UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ontel Products Corporation,

    Plaintiff,

v.                                                                Case No. 20-13118

John/Jane Doe 1-10, *et al.*,                  Sean F. Cox
                                                           United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION WITHOUT PREJUDICE

Plaintiff Ontel Products Corporation ("Plaintiff" or "Ontel") filed this action against five named Defendants, and ten unidentified "John/Jane Doe" Defendants, asserting a variety of intellectual property claims against them. The matter is currently before the Court on Plaintiff's "*Ex Parte* Motion For Temporary Restraining Order, Preliminary Injunction, And Immediate Discovery." This motion asks for an ex parte temporary restraining order, a preliminary injunction following that, and leave to engage in immediate discovery. The parties have briefed the issues and the Court concludes that oral argument is not necessary.

As explained below, Plaintiff's request for an *ex parte* temporary restraining order is denied as moot and its request for leave to conduct immediate discovery is denied without prejudice. In addition, at this juncture, the Court concludes that Plaintiff has failed to meet its burden of establishing that it is entitled to a preliminary injunction and that request is also denied without prejudice.

**BACKGROUND**

On November 24, 2020, Plaintiff Ontel Products Corporation ("Plaintiff" or "Ontel") filed this action based on federal question jurisdiction.

Plaintiff's Complaint asserts claims against ten unidentified "John/Jane Doe" individuals or entities and the following six named Defendants:  1) "Hyper Z Tech Ltd;" 2) "Hyper SLS Ltd"; 3) "Tech X Deal Ltd"; 4) "Novads OU"; 5) "Applexa OU"; and 6) "G Com Pte Ltd."

Plaintiff's Complaint asserts the following six counts: 1) "Count I: Violation of 17 U.S.C. § 501 *et seq.* – Copyright Infringement," 2) "Count II: Violation of 15 U.S.C. § 114 – Trademark Infringement"; 3) "Count III: Violation of 15 U.S.C. § 1125 – False Designation of Origin and Unfair Competition"; 4) "Count IV: Violation of 35 U.S.C. § 271 – Patent Infringement"; 5) "Count V: Common Law Unfair Competition"; and 6) "Count VI: Injunction."

With exhibits, Plaintiff's six-count Complaint against these sixteen Defendants spans 1,405 pages.

On the same day this case was filed, November 24, 2020, Plaintiff also filed an "*Ex Parte* Motion For Temporary Restraining Order, Preliminary Injunction, and Immediate Discovery." (ECF No. 2).  In it, Plaintiff asks this Court to issue a temporary restraining order, without notice to any of the named Defendants, and asks the Court to allow immediate discovery so that Plaintiff can learn the identities of the John/Jane Doe persons or entities.

This Court held an *ex parte* status conference with Plaintiff's counsel on November 30, 2020.  During that conference, Plaintiffs' counsel advised the Court that they did not anticipate that the named Defendants would appear in this action, even if they could be served.

Nevertheless, without having been served in this action, and prior to any ruling as to the

requested *ex parte* temporary retraining order, counsel for the named Defendants entered an appearance in this case and asked to be heard before the Court made any ruling on the motion.

The Court then held a Status Conference, with Plaintiff's counsel and Defendants' counsel, on December 3, 2020. At that time, the parties advised the Court they were working on drafting a stipulated temporary restraining order.

A "Stipulated Temporary Restraining Order" was issued on December 7, 2020. (ECF No. 13). It provides that, unless ordered otherwise, it remains in effect until this Court rules on Plaintiff's motion. The parties also agreed to a briefing schedule and that a hearing on the motion "will take place on a date and time to be set by the Court, unless the Court dispenses with oral argument in its discretion." (*Id.*).

Plaintiff did not request an evidentiary hearing in connection with Plaintiff's request for a preliminary injunction.

## ANALYSIS

Plaintiff's pending motion presents three issues: 1) "Whether an *ex parte* temporary restraining order should be issued to enjoin Defendants' violation of federal and state law, preserve Plaintiff's rights, and mitigate the damages Plaintiff already sustained?"; 2) whether the "Court should issue a preliminary injunction?"; and 3) "Whether Plaintiff should be granted leave to engage in immediate discovery?" (Pl.'s Br., ECF No. 2, at PageID.1410).

**I.    Request For *Ex Parte* Temporary Restraining Order**

Given that the named Defendants entered appearances in this action without having been served, and agreed to a stipulated temporary restraining order that would remain in place until the Court could consider Plaintiff's request for a preliminary injunction, this request is now

moot.

## II. Request For Preliminary Injunction

"A preliminary injunction is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (citation omitted).

"In gauging requests for a preliminary injunction," district courts look at four factors: 1) the plaintiff's likelihood of success on the merits; 2) the risk of irreparable harm to plaintiff absent injunctive relief; 3) the risk of harm to others resulting from an injunction; and 4) the broader public interest. *A1 Diabetes & Medical Supply v. Azar*, 937 F.3d 613, 618 (6th Cir. 2019) (citing *Mich. State AFL-CIO v. Schuette*, 847 F.3d 800, 803 (6th Cir. 2017)).

These four considerations are factors to be balanced, not prerequisites that must be met. " *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). A district court is not required to make findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositiive. *Id.*

The movant bears the burden of demonstrating its entitlement to the preliminary injunction sought, and its burden is a heavy one. A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000).

"To be entitled to injunctive relief, [Ontel] must first demonstrate that it is likely to succeed on the merits" of its claims. *Enchant Christmas Light Maze & Market, Ltd. v. Glowco, LLC*, 958 F.3d 532, 536 (6th Cir. 2020). "Although a party is not required to prove its case in full at a preliminary injunction hearing, a plaintiff 'must show more than a mere possibility of

4

success.'" *York Risk Services Group v. Couture*, 787 F. App'x 301, 305 (6th Cir. 2019) (quoting *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)).

A party moving for a preliminary injunction typically: 1) identifies the claim or claims that it contends it has a substantial likelihood of prevailing on the merits; 2) sets forth the applicable law that shows what it must establish in order to prevail on that claim or claims; and 3) then discusses how it can do that based upon the evidence it has offered in support of its motion. But Plaintiff has not done that here.

Plaintiff's six-count Complaint includes a variety of intellectual property claims. And it asserts them against six named Defendants and an additional ten unidentified Defendants, for a total of sixteen Defendants.

Notably, the section of Plaintiff's brief wherein it argues that it is "likely to success on the merits" of its claims consists of *just three short paragraphs*. (Pl.'s Br. at 18-19). In them, Plaintiff asserts that it is "highly likely to succeed on the *merits of its claims*," and asserts that "Defendants' infringement on Ontel's *intellectual property rights* is not subtle." (Pl.'s Br. at 18) (emphasis added). Plaintiff's six-count complaint asserts multiple claims based on its intellectual property rights and Plaintiff's brief does not specify which claim or claims it contends it can show it has a strong likelihood of success on the merits. Those three paragraphs however, do reference alleged "design patent" and "copyright violations." (*Id*. at 18). So it appears from Plaintiff's opening brief[1] that Plaintiff believes it has a strong likelihood of success on the merits of Count I ("Copyright Infringement") and/or Count IV ("Patent Infringement").

---

[1] Plaintiff's reply brief, however, suggests that Plaintiff is seeking a preliminary injunction based upon trademark violations.

Plaintiff's brief, however, lacks any discussion of the applicable law that governs either of those claims. The three-paragraph section of Plaintiff's brief does not reference any case law or statutes. Plaintiff's brief also fails to include an analysis section that addresses how Plaintiff believes it can establish its claims, given the applicable law.

This may be a function of how quickly the motion and supporting brief were drafted and filed, for example, Plaintiff's brief asserts that "Bestway" (ie, not the plaintiff in this case, Ontel) will suffer irreparable injury without the injunction. (Pl.'s Br. at 19). It may also be that the focus of the brief was on obtaining relief on an *ex parte* basis, and in obtaining permission to conduct immediate discovery, rather than focusing on the request for a preliminary injunction.

Whatever the reason, Plaintiff's brief essentially leaves it to the Court to discern the applicable law that governs these claims, and evaluate these complex claims on its own, in order to determine whether there is a strong likelihood of success on the merits. As such, the Court concludes that Plaintiff has failed to meet *its burden* of showing that it is likely to succeed on the merits of its claims.

Given this failure, the Court shall deny Plaintiff's request for a preliminary injunction *without prejudice*, without addressing the remaining factors.

### III. Request For Immediate Discovery

In its motion, Plaintiff asked for immediate discovery, so that it could "try to discern the identities of the unknown Defendants and the scope of breadth of the wrongful conduct of the Defendants." (Pl.'s Br. at 24). In responding to the pending motion, however, the Named Defendants state that they "understand from Ontel's counsel that Ontel is no longer seeking expedited discovery." (Defs.' Br. at 20). Plaintiff's reply brief does not address its request for

6

expedited discovery. As such, it appears that Plaintiff is no longer seeking expedited discovery. The Court shall therefore deny this request without prejudice.

## CONCLUSION & ORDER

For the reasons above, the Court **DENIES AS MOOT** Plaintiff's request for an *ex parte* temporary restraining order, **DENIES WITHOUT PREJUDICE** Plaintiff's request for leave to conduct immediate discovery, and **DENIES WITHOUT PREJUDICE** Plaintiff's request for a preliminary injunction.

The Court further orders that the parties shall appear for a Status Conference in this matter on **February 25, 2021, at 2:00 p.m.**

**IT IS SO ORDERED.**

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                     United States District Judge

Dated:  February 8, 2021